UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 24-CR-426 (BAH) |
| **WALTER JAMES** | ) | |

**MOTION TO DISMISS INDICTMENT**

Walter James, by and through undersigned counsel, respectfully requests this Honorable Court grant his motion to dismiss the indictment pending against him.

On September 19, 2024, a grand jury returned a one-count indictment against Mr. James for committing a hate crime in violation of 18 U.S.C § 249(a)(1). On November 26, 2024, Mr. James informed this court he wished to avail himself of his Sixth Amendment right to a jury trial. Trial is set to begin on January 13, 2025.

Title 18 U.S.C. § 249(a)(1) provides in relevant part, "[w]hoever, whether or not acting under color of law, willfully causes bodily injury to any person, or . . . attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person" shall be punished as outlined in § 249(a)(1)(A)–(B). Prosecutions for violations of § 249(a), however, are subject to a strict statutory prerequisite: under 18 U.S.C. § 249(b),

> No prosecution of any offense in th[e] subsection may be undertaken by the United States, except under the certification in writing of the Attorney General, or a designee, that—
>
> (A) the State does not have jurisdiction;
>
> (B) the State has requested that the Federal Government assume jurisdiction;
>
> (C) the verdict or sentence obtained pursuant to State charges left demonstratively unvindicated the Federal interest in eradicating bias-motivated violence; or
>
> (D) a prosecution by the United States is in the public interest and necessary to secure substantial justice.

Mr. James makes two arguments. First, § 249(a)(1) is unconstitutional as applied to him because criminalizing the alleged assault exceeds Congress's power under the Thirteenth Amendment.[1] Second, because the government has not provided proof of certification by the Attorney General in this case, this prosecution should not have been undertaken and cannot continue.

The federal government is one of limited powers, and therefore cannot criminalize behavior beyond its jurisdiction. *See United States v. Fox*, 95 U.S. 670, 672 (1878); "This constitutionally mandated division of authority 'was adopted by the Framers to ensure protection of our fundamental liberties.'" *United States v.* Lopez, 514 U.S. 549, 552 (1995 (quoting *Gregory v. Ashcroft*, 501 U.S. 452, 458, (1991)). "Just as the separation and independence of the coordinate branches of the Federal Government serve to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." *Id.* A simple assault, like the one alleged here, is very much beyond Congress's jurisdiction. Congress, therefore, must identify one of its enumerated powers to support to justify reaching into the ambit of state criminal law.

Congress relied on its powers under the Thirteenth Amendment to enact § 249(a)(1). In enacting the law, Congress concluded that "slavery and involuntary servitude were enforced, both prior to and after the adoption of the 13th Amendment . . ., through widespread public and private violence directed at persons because of their race, color, or ancestry, or perceived race, color or ancestry," and "eliminating racially motivated violence is an important means of eliminating . . .

---

[1] Mr. James does not dispute Congress's authority to criminalize hate crimes via the Commerce Clause in § 249(a)(2). Indeed, seeking to eradicate hate-motivated violence is an admirable and important goal for the State but it is not always within the limited powers of our federal government.

the badges, incidents, and relics of slavery and involuntary servitude." *United States v. Roof*, 10 F.4th 314, 390 (4th Cir. 2021) (quoting 34 U.S.C. § 30501(7)).

But Congress exceeded its limited power under the Thirteenth Amendment when it passed § 249(a)(1). The Amendment generally forbids "slavery and involuntary servitude" in the United States." U.S. Const. amend. XIII, § 1. And importantly, section 2 of the Amendment gives Congress the power to enforce the amendment only "by appropriate legislation." *Id.* § 2. Section 249(a)(1) is not, however, "appropriate legislation," as clarified by the Supreme Court since the passing of the Thirteenth Amendment.

In *The Civil Rights Cases*, 109 U.S. 3, 20 (1883), the Supreme Court recognized that the Thirteenth Amendment gave Congress "power to pass all laws necessary and proper for abolishing all badges and incidents of slavery in the United States." But the Court made clear that this power was not unlimited. *Id.* at 20. In particular, the Amendment did not authorize Congress to outlaw discrimination in public accommodations because such discrimination had "nothing to do with slavery or involuntary servitude." *Id.* at 24.

Congress's powers under the Thirteenth Amendment are limited to legislating against the "badges" and "incidents" of slavery. In 1968, the Court clarified that Congress has the power "rationally" to identify "badges and the incidents of slavery," and to enact "effective legislation" in response. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 440 (1968). In *Jones*, the Court accepted Congress's authority to create a private right-of-action against housing discrimination, because it rationally and appropriately addressed an identified harm which was a "badge" of slavery. *Id.* But *Jones* did not confer unbridled power to legislate under the Thirteenth Amendment. Rather, it carefully examined the legislative record before concluding Section 1982 was "necessary and

proper" to end housing discrimination—an evident "badge" of slavery—against African-Americans. *Id.* at 439-43.

Moreover, § 249(a)(1) is unconstitutional as applied to Mr. James in this case because the alleged victim in this case "belong[s] to demographic groups that have never experienced or been at risk of slavery in this country." *United States v. Hougen*, 76 F.4th 805, 824 (9th Cir. 2023) (Ikuta, J., dissenting). The Thirteenth Amendment which was enacted to address slavery in the United States, therefore, cannot support the prosecution of the alleged assault in this case.

Mr. James also argues that the indictment must be dismissed because there was no proper certification under § 249(b)(1). Section 249(b)(1) requires that before any prosecution is undertaken, the Attorney General certify in writing *why* such a prosecution is occurring. *See generally Roof*, 10 F.4th at 395-96 (discussing 249(a)(1) prosecution certifications). Mr. James, however, has not been presented with proof of certification in this case. The certification requirement is a statutory prerequisite to prosecution under § 249(a)(1). A lack of certification taints the entire prosecution, including but not limited to rendering the indictment defective. Without proof of certification, the indictment must be dismissed.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Ubong Akpan
Tezira Abe
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500