**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No.:  24-CR-426 (BAH)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **WALTER JAMES,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S**
**OBJECTION TO ADMISSION OF STATEMENT OF**
**OFFENSE AND RESPONSE TO COURT'S MINUTE ORDER**

The government, hereby, submits this reply to the defendant's objection to the admission of the Statement of Offense (SOO) (ECF # 28) and response to the Court's Minute Order.

As set forth more fully in its Trial Brief (ECF. # 16, at 7-13), the government seeks to admit the defendant's executed SOO.  The defendant's arguments against its admission are meritless.

**I.      Reply to defendant's opposition to admission of the SOO**

First, the defendant's citation to this Court's statement that, "a defendant may reasonably conclude that the Rule 11(f) and FRE 410 waiver did not become effective until his plea was accepted by the Court," *United States v. Osequera-Gonzalez*, 16-cr-229 (BAH) at 18 (D.D.C. Aug. 5, 2024), is inapposite.  The waiver language at issue in *Osequera*, as this Court made clear, was different in a crucial respect from the waiver language that is contained in the defendant's plea agreement:

Take, as another example, the standard language used by the United States Attorney's Office ("USAO") for the District of Columbia in its plea agreements:

> Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Federal Rule of Evidence 410, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

> Plea Agreement 19.B, *United States v. Olugbenga*, No. 23-cr-202, ECF No. 119. This language, though similar to the language in defendant's Plea Agreement, is different in the critical aspect that it unambiguously states that a defendant "knowingly and voluntarily waives" his rights under Rule 11(f) and FRE 410 not only if he "withdraws [his] guilty plea" but also if he "withdraws from this Agreement after signing it." *Put another way, under the USAO's language, a defendant's signing of the agreement undisputedly triggers the waiver of his rights under Rule 11(f) and FRE 410.*

*Id.* at 16 (emphasis added). This Court further noted that, "[i]f the government had intended for the Plea Agreement to waive defendant's rights upon signing, *it could-and should-have explicitly said so. Id.* at 17 (emphasis added).[1] Which is exactly what the government did in this case.

Second, the defense's citation to *Mabry v. Johnson*, 467 U.S. 504, 507 (1984), is misplaced (ECF 28, ⁋ 6). In the government's Trial Brief (ECF # 16, at 10), we relied on *Puckett v. United States*, 556 U.S. 129, 137 138 n.1, (2009), for the proposition that "plea bargains are essentially

---

[1]    *See, e.g., United States v. Hahn*, 58 F.4th 1009, 1011 (8th Cir. 2023) (quoting *Washburn*, 728 F.3d at 781) ("'Rule 410 waiver in plea agreement became enforceable 'at the time [the defendant] added his initials and signature,' even though the plea agreement was not accepted by the district court.'"); *United States v. Perry*, 643 F.2d 38, 52 (2d Cir. 1981) (statements made in connection with plea offer admissible where "statements were made after the plea agreement had been negotiated and executed with advice of counsel").

contracts." In *Puckett*, the Supreme Court stated: "We disavow any aspect of the *Mabry* dictum that contradicts our holding today." *Id.* at 138, n.1.

Last, the defense's concern about being a witness is unavailing. As we set forth in our Trial Brief (ECF 16, at 12-13). The SOO can be authenticated either by judicial notice or at a Rule 104 hearing held outside the presence of the jury at which defense counsel would not be required to testify.[2]

## II.     Response to Court's Minute Order

The Court has directed "the government . . . to address . . . whether, prior to consideration of admission of the SOO, an evidentiary hearing is necessary to determine whether the relevant waiver was specifically discussed with and understood by defendant before he executed the plea letter . . . ." Minute Order, January 11, 2025.

---

[2]     If the Court were to conclude that the SOO cannot be admitted in the government's case-in-chief, the government should be permitted to use the SOO to impeach the defendant if he testifies. Provisions in proffer agreements (where the voluntariness of waivers are not normally tested by a court) allowing statements of a defendant to be used for impeachment are routinely enforced. *See, e.g.*, *United States v. Mezzanatto*, 513 U.S. 196, 204 (1995) (upholding waiver of R. 410 protections in a proffer agreement); *United States v. Roberts*, 660 F.3d 149, 157 (2d Cir. 2011) (allowing impeachment with statements made in proffer session); *see also Osequera-Gonzalez*, 16-cr-229 (BAH) at 20. *Cf. Harris v. New York*, 401 U.S. 222, 226 (1971) (permitting use of statement taken in violation of Miranda to be used for impeachment: "The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.").

On this record, the government does not believe that such a hearing is necessary. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) ("[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable."). Here, there is no indication that the R. 410 waiver was made either "unknowingly" or "involuntarily."

On the contrary, the defense has represented to the Court in writing that waiver was discussed with and understood by defendant. First, the defendant represented to the Court in writing that, "*I have read every page of this Agreement and have discussed it with my attorneys*, Tezira Abe and Ubong E. Akpan. *I fully understand this Agreement* and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound." November 19, 2024 Plea Agreement at 10 (emphasis added). And the defendant's attorney has represented to the Court in writing that, "*I have read every page of this Agreement, reviewed this Agreement with my client, Walter James, and fully discussed the provisions of this Agreement with my client*." *Id.* (emphasis added). Accordingly, the record before the Court establishes (1) that the defendant reviewed his plea agreement with his attorney; (2) that the defendant's attorney "fully discussed the provisions of this Agreement with [the defendant]"; and (3) that the defendant fully understand[s] this Agreement."

These written representations are sufficient to establish a knowing and voluntary waiver. *Cf. In re Sealed Case*, 686 F.3d 799, 801 (D.C. Cir. 2012) (enforcing a debriefing agreement, which "itself contains an acknowledgment that appellant 'fully under[stood]' the agreement and 'voluntarily agree[d]' to enter into the conversations with the government"). "[A] dialogue

between the district court and the defendant regarding the knowing and voluntary nature of a plea agreement that usually occurs at a change of plea hearing 'is not a prerequisite for a valid waiver' of a particular right." *United States v. Washburn*, 728 F.3d 775, 781–82 (8th Cir. 2013) (addressing R. 410 waiver).

Unless or until the defense in some way contradicts its earlier representations to the Court, no hearing is necessary:

> there is no evidence in the record that [defendant] entered into this agreement involuntarily or unknowingly. [Defendant] does not dispute that he signed the plea agreement. He does not contend that he was coerced to enter into the plea or that it was the product of duress. [Defendant] argues instead that the judge was required to conduct an inquiry into the voluntariness of [his] waiver prior to allowing the factual stipulation into evidence. While the court could have conducted such an inquiry, *it was not required to do so on these facts.*

*Washburn*, 728 F.3d at 781 (emphasis added).[3]

---

[3]    Inasmuch as the government does not know what, if any, basis exists to challenge the validity of the defendant's R. 410 waiver, we are not, at this time, in a position to propose the proper form for a potential evidentiary hearing.

**III.    Conclusion**

The SOO should be admissible in the government's case-in-chief, and, on this record, no

hearing regarding the validity of the defendant's R. 410 waiver is necessary.


Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

_____/s/_____
John Crabb Jr. (N.Y. Bar No. 2367670)
Elizabeth Aloi (D.C. Bar No. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov