UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 24-CR-426 (BAH) |
| **WALTER JAMES** | ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE

Walter James, through undersigned counsel, files this reply to the government's response at ECF No. 31, insisting on the admission of the statement of offense. Counsel respectfully request this Honorable Court deny the government's request to admit the statement of offense against Mr. James in its case in chief and as impeachment.

Federal Rule of Evidence 410 governs the admissibility of plea related statements. F. R. Crim. P. 11(f). Specifically, it prohibits the use of "a statement made during plea discussions with an attorney for the prosecuting authority *if the discussions did not result in a guilty plea* or they resulted in a later-withdrawn guilty plea." F. R. Evid. 410(a)(4) (emphasis added). A statement described in this rule may be admitted if "in fairness [it] ought to be considered together" with "another statement made during the same plea or plea discussions ha[d] been introduced," *id.* (b)(1), or "in a criminal proceeding for *perjury or false statement*, if the defendant made the statement *under oath*, *on the record*, and *with counsel present*." *Id.* (b)(2) (emphasis added).

Whether waiver was knowing, intelligent, or voluntary is a highly technical question that requires a precise inquiry. That is why the federal rules require a plea colloquy. F. R. Crim. P. 11(b)(1) (requiring the court to "inform he defendant of, and determine that the defendant understands," his rights and what he is giving up). Indeed, during a Rule 11 colloquy, courts ask

defendants, under oath, whether the defendant still intends to plead guilty, whether the signature presented to the court as defendant's signature is, in fact, that defendant's signature, and whether the defendant had any changes to the statement of offense, among many other questions. In this case, no such inquiry was undertaken. Therefore, the government has failed to show that Mr. James even intended to plead, much less that he intended to waive his protections under Rule 410. To show waiver in this case, the government has a high burden that it cannot meet.

As to this Court's second question, counsel respectfully asserts that the central issue is that the government has failed to show that there was any waiver in the first place. More to the point, the agreement that allegedly contains Mr. James's signature was not even signed by the government. So if the government is insisting on relying on contract principles, there was no agreement where the defendant did not receive a signed copy of the agreement before allegedly signing. And if this Court determines there was an agreement, it was—at most—an agreement to perform at a hearing, such that any waiver of rights would not have occurred until after the hearing occurred and the plea was accepted by this Court, thereby binding the parties.

Finally, should this Court deny the government's request to enter the statement of offense during its case in chief, it should also disallow its use as impeachment should Mr. James testify because none of the Rule 410(b) exceptions apply. Additionally, even if this Court believed Rule 410 to be inapplicable, the statement of offense is not reliable such that it can be used to impeach Mr. James. *See United States v. Ruben Oseguera-Gonzalez*, 16-cr-229-BAH, ECF 163, at 10, entered Aug. 5, 2025 ("Modifications of the statement of facts, even if signed in good faith, may occur during the Rule 11 colloquy before a judge, who must make inquiry of a defendant, under oath, about the facts '[b]efore entering judgement on a guilty plea,' in order to make the

requisite determination 'that there is a factual basis for the plea.'" (quoting Fed. R. Crim. P. 11(b)(3)).

                Respectfully Submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER

                _____/s/_____
                Ubong E. Akpan
                Tezira Abe
                Assistant Federal Public Defenders
                625 Indiana Ave., N.W.
                Washington, D.C.  20004
                (202) 208-7500

**CERTIFICATE OF SERVICE**

I, Ubong E. Akpan, certify that on this 12th day of January 2025, I caused a copy of the foregoing reply to the government's response to be filed through the Electronic Case Filing ("ECF") system and served a copy on counsel for the government through the ECF.

_____/s/_____
Ubong E. Akpan
Assistant Federal Public Defender